ORIGINAL
D&F
C/M
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ DEC 19 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD KAVAZANJIAN,

        Petitioner,

  -against-                      **MEMORANDUM AND ORDER**
                                     Case No. 05-CV-5041 (FB)(SG)

DENNIS BRESLIN, Superintendent,

        Respondent.
------------------------------------------------------------x

*Appearances:*

| *For the Petitioner:* | *For the Respondent:* |
|---|---|
| RICHARD KAVAZANJIAN, *Pro Se* | KATHLEEN M. RICE, ESQ. |
| #00A6506 | District Attorney |
| Arthur Kill Correctional Facility | By: ILLISA T. FLEISHER |
| 2911 Arthur Kill Road | 262 Old Country Road |
| Staten Island, NY 10309 | Mineola, NY 11501 |

**BLOCK, Senior District Judge:**

    *Pro se* petitioner Richard Kavazanjian ("Kavazanjian") filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his conviction in New York Supreme Court, Kings County, on the grounds that he was deprived of due process because the trial court: (1) precluded a prospective defense witness; (2) allowed the prosecutor to cross-examine Kavazanjian regarding a prior conviction and uncharged criminal conduct; and (3) permitted the prosecutor to cross-examine defense witnesses with evidence of prior convictions and other bad acts. Kavazanjian further argues that he was denied due process by the prosecutor's comments during summation. For the reasons stated below, the petition is denied.

-1-

**I.**

On April 18, 2000, Kavazanjian was stopped by police for a traffic violation. During the stop, Kavazanjian admitted that he had been driving with a suspended license; when police requested that he exit his vehicle, he drove away. Police chased Kavazanjian for 2.6 miles; he then stopped his vehicle and attempted to flee on foot, but was caught and forcefully arrested. There was a passenger in the car, who was found in possession of cocaine and also arrested.

Kavazanjian was convicted of assault, reckless endangerment, obstructing governmental administration, and resisting arrest. On direct appeal, he raised all claims presented in his *habeas* petition. The Appellate Division, Second Department affirmed the judgment of conviction, stating in total:

> Assuming that the trial court erred in preventing defendant from presenting evidence by a witness of his own choosing, any error would be harmless since there is no reasonable possibility that the error contributed to the convictions. The defendant's remaining contentions either are unpreserved for appellate review or without merit.

*People v. Kavazanjian*, 790 N.Y.S.2d 400 (2d Dep't 2005) (citations omitted). Kavazanjian sought leave to appeal, but raised only the issue of the trial court's preclusion of a prospective defense witness; the New York Court of Appeals denied his leave application. *See People v. Kavazanjian*, 5 N.Y.3d 764 (2005). Kavazanjian timely filed his *habeas* petition.

**II.**

The State contends that all Kavazanjian's claims, aside from the witness

preclusion claim, are unexhausted and procedurally barred; as explained below, because the Court concludes that all claims are without merit, the petition is denied without ruling on the exhaustion/procedural bar issue. *See* 28 U.S.C. § 2254(b)(2)("An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Since the witness preclusion claim was addressed by the Appellate Division on the merits, the deferential AEDPA standard of review applies to that claim, *see* 28 U.S.C. § 2254(d); the other claims are reviewed *de novo*. *See Urena v. Phillips*, 2006 WL 38951, *4 (E.D.N.Y. January 6, 2006) (reviewing the Appellate Division's disjunctive ruling de novo).

## A. Alleged Trial Court Errors

Rulings by state trial courts on evidentiary matters are generally a matter of state law and pose no federal constitutional issue, unless the petitioner meets his "heavy burden" of establishing that the evidentiary error constituted a due process deprivation of the right to a fair trial. *See Dowling v. United States*, 493 U.S. 342, 352 (1990). "The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998) (internal quotation marks and citation omitted). "[B]ut even an error of constitutional dimensions will merit habeas relief only if it had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Benjamin v. Greiner*, 296 F. Supp. 2d 321, 332 (E.D.N.Y. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

## 1. Preclusion of Potential Defense Witness

During *voir dire*, a prospective juror explained that he was arrested and handcuffed to a bench in a police station following a traffic stop, and that he believed that the arresting officer in the instant case was involved; the trial court excused the prospective juror for cause. Prior to trial, the defense requested that the excused juror be permitted to testify to this alleged encounter. The prosecutor opposed the request, arguing that the testimony would be "completely collateral and irrelevant to this case," Tr. at 3,[1] and would create a mini-trial on the officer's credibility. The trial court agreed, and denied the request. Defense counsel never renewed the application; nor, despite having the opportunity, did defense counsel use the information to try to impeach the officer on cross-examination.

All agree that Kavazanjian was forcefully arrested. According to the prosecutor, the police's use of force was in response to Kavazanjian's violent resistance to arrest; the defense theory, by contrast, was that Kavazanjian never resisted arrest but was the victim of police brutality, and that he only fled police in the first instance out of fear.

Preclusion of witness testimony sufficient to create a reasonable doubt may be found if the testimony sought to be introduced is the only independent evidence supporting the defendant's case, *see United States v. Blum*, 62 F.3d 63, 69 (2d Cir. 1995), or if the witness's testimony would have impeached the testimony of the sole witness to

---

[1]Tr. refers to trial transcript.

identify the defendant or would have been the only testimony presented at trial in the defendant's favor. *See Rosario v. Kuhlman*, 839 F.2d 918, 926 (2d Cir. 1988).

The excluded juror's testimony – which related to events unrelated to the night of arrest – would at most have impeached the arresting officer; it was collateral to the defense theory that Kavazanjian was beaten by police. Additionally, excluding the witness did not prevent Kavazanjian from presenting this evidence in his defense through cross-examination; furthermore, the court permitted testimony from the two defense witnesses who claimed to have first-hand information regarding the incident.

Finally, the Appellate Division's finding of harmless error is entitled to AEDPA deference. *See id.* § 2254(d); *see also Sellan v. Kuhlman*, 261 F.3d 303, 310-11 (2d Cir. 2001) (citations and quotations omitted). Given the overall strength of the prosecution's case, it was not an unreasonable application of *Chapman v. California*. 386 U.S. 18 (1967) (Supreme Court precedent governing harmless error review, requiring state courts to find "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained").

## 2. Cross Examination of Kavazanjian with Evidence of a Prior Conviction

At a *Sandoval* hearing, the prosecutor requested that she be permitted to cross-examine Kavazanjian about a fourteen-year old conviction for rape, for which he was incarcerated until 1999. The trial court ruled that the prosecution could elicit that Kavazanjian had been convicted of a violent felony, but could not inquire into the nature of the felony. Kavazanjian argues that the prosecution's cross-examination of him

pursuant to the trial court's *Sandoval* ruling deprived him of a fair trial.

In New York, a defendant who chooses to testify may be cross-examined about prior criminal convictions or "bad acts" that bear logically on his credibility. *See People v. Sandoval*, 34 N.Y.2d 371 (1974) (requiring a hearing to determine the issue). When ruling on a *Sandoval* application, the trial court has broad discretion. *See Simmons v. Ross*, 965 F. Supp. 473, 480 (S.D.N.Y. May 19, 1997). There is no *per se* rule requiring preclusion of a conviction remote in time. *See People v. Walker*, 83 N.Y.2d 455, 459 (1994); *see also People v. McLaurin*, 2006 WL 2960847, *1 (2 Dep't Oct. 17, 2006) (fourteen-year conviction properly admitted against defendant).

The trial court's application of *Sandoval* did not deprive Kavazanjian of a fair trial; on the contary, it demonstrated an appropriate exercise of discretion. *See Sandoval*, 34 N.Y.2d at 275 (requiring the balancing of the "probative worth of evidence of a prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant"). The felony conviction was relevant to Kavazanjian's credibility, and the possibility of undue prejudice was limited because the prosecutor was restricted in the scope of her cross-examination. Additionally, given the strength of the prosecution's case, had a *Sandoval* violation occurred, any resulting error would have been harmless.

## 3. Cross-Examination of Kavazanjian Regarding Drug Possession and Knowledge

Similarly, Kavazanjian was not denied a fair trial when the prosecutor asked whether he knew that his passenger possessed cocaine on the night he was arrested, or

-6-

whether he possessed cocaine or heroine that night; this questioning was a proper attempt by the prosecutor to establish her theory of the case – that Kavazanjian fled police because of there were drugs in his car. *See, e.g., United States v. Pelusio*, 725 F.2d 161, 167 (2d Cir. 1983) (questioning regarding organized crime affiliation was proper as it went to the defendant's motive for receiving a gun); *Brumfield v. Stinson*, 297 F. Supp. 2d 607, 619 (W.D.N.Y. 2003) (evidence probative of motive properly admitted).

## 4. Cross-Examination of Defense Witnesses

Neither was Kavazanjian deprived of a fair trial by the scope of the prosecutor's cross-examination of his two witnesses. From the first defense witness (who was the passenger in Kavazanjian car), the prosecutor elicited: (1) her arrest for cocaine possession on the night Kavazanjian was arrested, (2) a prior burglary conviction, (3) several probation violations following this conviction, and (4) a promoting prison contraband conviction arising from her possession of marijuana while incarcerated. The prosecutor established that the second witness had prior forgery and larceny convictions.

The use of these prior convictions and other bad acts as impeachment was entirely proper because they were probative of credibility and not unduly prejudicial. *See Price v. Senkowski*, 1996 WL 631731, *2 (N.D.N.Y. Oct. 21, 1996) (noting that state courts have broad discretion in permitting such impeachment). Further, as mentioned, the first witness's arrest for cocaine possession was relevant to the prosecution's theory of the case.

## B. Prosecutor's Summation

Last, Kavanzanjian claims that the prosecutor deprived him of a fair trial when, on summation, the prosecutor: (1) argued that Kavazanjian fled police because his passenger possessed cocaine; (2) claimed that the defense theory – that Kavazanjian fled because he feared the police – was unbelievable; (3) vouched for the credibility of her witnesses; and (4) improperly shifted the burden to the defense.

"[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 180 (1986) (citations and quotation marks omitted). The relevant inquiry is whether the "comments so infected the trial with unfairness as to make the resulting conviction a denial of due process"; in conducting this inquiry the prosecutor's comments must be examined to "determine their effect on the trial as a whole," and in doing so it is proper to consider whether particular comments were "invited by or responsive to the opening summation of the defense." *Id.* at 180, 182. In deciding whether a prosecutor's remarks rendered a trial as a whole fundamentally unfair, the Second Circuit has "considered the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir. 1998) (citations and quotation marks omitted).

The summation did not deprive Kavazanjian of a fair trial. The comments regarding Kavazanjian's motive for fleeing police, and the defense theory in the case, did not misstate the evidence. *Darden*, 477 U.S. at 182. The other comments at issue were

responsive to the defense summation attacking the veracity of those witnesses. *Id.* at 182-83 (holding that the idea of "invited response" is used not to excuse improper comments, but to determine their effect on the trial as a whole).

Moreover, the trial court instructed the jurors that their decision was to be made on the basis of the evidence alone, and that summation was not evidence, *id.* at 182. The Court also notes that, at trial, defense counsel did not object to the prosecutor's remarks. *See Nichols v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995) (holding that failure to object to an argument is an indication that it was not perceived as having a substantial adverse effect). Finally, even assuming that any of the prosecutor's comments were improper, given the strength of the prosecution's case, this is not a case "in which the evidence was so closely balanced that such comments would have had a substantial effect on the jury." *Tankleff*, 135 F.3d at 253.

### III.

The petition is denied. Because Kavazanjian has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
December 15, 2006

-9-